IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

41 NEWS, INC., an Illinois )
corporation, and 41509 LAND )
TRUST CO., L.L.C., )
 )
        Plaintiff, )
 )
  v. ) No. 09 C 0088
 )
COUNTY OF LAKE, LAKE COUNTY )
ZONING BOARD OF APPEALS, )
GEORGE BELL, in his official )
capacity as Chairman of the Lake )
County Zoning Board of Appeals, )
GREGORY KOEPPEN, in his official )
capacity as Vice Chairman of )
the Lake County Zoning Board )
of Appeals, MARVIN RAYMOND, )
JOHN REINDL, GERALDINE STIMPSON, )
AL WESTERMAN, CAROL ZEBRA, each )
in his or her official capacity )
as a Member of the Lake County )
Zoning Board of Appeals, DONALD )
VAN ERDEN, in his official )
capacity as an Alternate Member )
of the Lake County Zoning Board )
of Appeals, and SHEEL YAJNIK, )
in her capacity as Lake County )
Zoning Administrator, )
 )
        Defendants. )

## OPINION AND ORDER

Plaintiffs 41 News, Inc. and 41509 Land Trust Co., L.L.C. are related entities[1] that own and operate an adult entertainment

---

[1]For present purposes, it is unnecessary to specifically distinguish whether specific claims are brought by one or both plaintiffs. It will be assumed that all claims are brought by

store in an unincorporated area of Lake County, Illinois. Plaintiffs are seeking to relocate the store from its "current site" to a nearby "relocation site" less then 1000 feet away, also in an unincorporated area of the county. Another adult entertainment business, Magic Video, formerly conducted business at the relocation site. Magic Video ceased operating less than one year prior to plaintiffs submitting an application for the zoning approval necessary to relocate. The County Zoning Commissioner denied plaintiffs' application and the Lake County Zoning Board of Appeals upheld that decision. Plaintiffs allege that not permitting adult businesses to be located within 1000 feet of each other is an improper time, place, and manner restriction in violation of the First Amendment. They also contend that the denial of their zoning application violates their due process and equal protection rights. Named as defendants are Lake County and the Lake County Zoning Board of Appeals. Also named as defendants, in their official capacities

---

both plaintiffs. 41 News owns the business at the current site and 41509 was formed to purchase the property for the relocation site and lease it to 41 News. Presumably, 41 News is one of the members of 41509, which is a limited liability corporation.

only, are the members of the Zoning Board and the Commissioner.[2] Defendants have moved to dismiss the Complaint.

Lake County has an Adult Use Ordinance ("AUO") that limits where adult use businesses may be located. Plaintiffs concede that their business falls under the ordinance's definition of an adult use. The AUO prohibits an adult use from being located within 1000 feet of another adult use. An adult use also cannot be located within 1000 feet of a protected use, which includes a County Forest Preserve. There are, however, "grandfathered" exceptions to these rules for uses that predated the AUO. The current site and relocation site are within 1000 feet of each other and both sites are within 1000 feet of a Forest Preserve.

In prior state court litigation, in which 41 News was a party, the AUO, as amended, was upheld against a First Amendment challenge. See XLP Corp. v. County of Lake, 359 Ill. App. 3d 239, 832 N.E.2d 480 (2d Dist. 2005). The Appellate Court decision does not address the location restrictions and there is no contention that the prior case has a preclusive effect on any of the present claims. During the pendency of the XLP and/or

---

[2]If this case were to proceed further, the Commissioner, the Zoning Board members, and perhaps the Zoning Board itself would be dismissed as defendants since their presence is redundant when suing the County. See Doe v. Smith, 470 F.3d 331, 337 n.12 (7th Cir. 2006); Kendall v. Village of Maywood, 2009 WL 971422 *1 (N.D. Ill. April 9, 2009).

related litigation, the County voluntarily refrained from enforcing the AUO's licensing requirements. After the AUO licensing requirements were upheld, the County brought enforcement proceedings seeking to close both Magic Video and 41 News, including contentions that neither had obtained a license as required by the AUO. Plaintiffs allege that "the final orders in each of the enforcement cases contemplated and provided that the businesses could reopen if they applied for a license after doing some required remodeling." Compl. ¶ 11. 41 News did the remodeling and obtained a license for the current site. Magic Video did not do any remodeling itself. Instead, Magic Video sold its property to plaintiffs, who were prepared to do the required remodeling and apply for a license.

The Zoning Commissioner denied the zoning application for the ground that the relocation site was located next to a Forest Preserve. The Commissioner found that the grandfather provision did not apply because Magic Video had never obtained a license. In other words, since the licensing procedure was never completed, Magic Video could not qualify as a previously existing nonconforming use. Plaintiffs contend that their purchase of the property from Magic Video placed them in the shoes of Magic Video, entitling them to complete the procedures contemplated by the resolution of Magic Video's prior lawsuit. Plaintiffs further allege that the Commissioner also denied a license for

the relocation site because it is within 1000 feet of the current site. It is this aspect of the alleged ruling that plaintiffs contend violates the First Amendment. According to plaintiffs, the Commissioner ruled that plaintiffs would have to close the current site before even applying for a license for the relocation site. Defendants contend the Commissioner only ruled, in the alternative, that the current site would have to close when the relocation site opens, which is what plaintiffs desire to do. Even on a motion to dismiss, judicial notice could be taken of the Commissioner's public ruling. See Anderson v. Simon, 217 F.3d 472, 474-75 (7th Cir. 2000); Menominee Indian Tribe of Wis. v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998); Bilal v. Wolf, 2009 WL 1871676 *1 (N.D. Ill. June 25, 2009), reconsideration denied, 2009 WL 2355465 (N.D. Ill. July 28, 2009); Trustees of Local 734 Bakery Drivers Health & Welfare Plan v. Wolff, 537 F. Supp. 2d 951, 954 (N.D. Ill. 2008). No transcript has been submitted by either side. On the motion to dismiss plaintiffs' allegation as to grounds for the ruling must be assumed to be true. The Zoning Board upheld the Commissioner's decision.

In addition to the First Amendment claim regarding applying the 1000-foot rule to the location of plaintiffs' two sites, plaintiffs contend that not treating Magic Video's prior use as being a grandfathered nonconforming use violates due

process because it is an irrational, as well as incorrect, application of the AUO. They also assert a nonspecific procedural due process claim. Additionally, plaintiffs also contend that it is a violation of equal protection to have, following the prior litigation, permitted plaintiffs to obtain a license for the current site, but not permit, following Magic Video's litigation, a license for the relocation site.[3] Plaintiffs also bring a supplemental state law claim for administrative review of the Zoning Board's decision. See 735 ILCS 5/3; 55 ILCS 5/5-12012.

The First Amendment claim is moot. Regardless of what the Commissioner's actual ruling was regarding the two adult uses being within 1000 feet of each other, defendants' present position is that it would not violate this rule for plaintiffs to close the store at the current site simultaneously with opening a store at the relocation site. That is precisely what plaintiffs seek to do. Therefore, there is no present controversy regarding

---

[3]Defendants contend plaintiffs raise only this latter contention and therefore lack standing because the license still would otherwise be denied for being within 1000 feet of a Forest Preserve. See Harp Adver. Ill., Inc. v. Village of Chicago Ridge, Ill., 9 F.3d 1290, 1291-92 (7th Cir. 1993). Plaintiffs, however, also contend that it was a substantive due process violation to have denied grandfathering in of this nonconforming use. Alternatively, plaintiffs contend the denial of a license violated equal protection and not applying the grandfather provision violated state law, which would still involve a federal claim and still entitle plaintiff to relief if both contentions were successful. No claim will be dismissed for lack of standing.

this 1000-foot rule. Plaintiffs' First Amendment claim will be dismissed without prejudice as moot.

Plaintiff contends defendants' decision that a nonconforming use was not grandfathered in at the relocation site is arbitrary and irrational, which is a claimed violation of substantive due process. See General Auto Serv. Station v. City of Chicago, 526 F.3d 991, 1000 (7th Cir. 2008), cert. denied, 129 S. Ct. 1983 (2009).

> Once a landowner obtains . . . a state-created property right, the due process clause of the Fourteenth Amendment circumscribes, but does not eliminate, the government's ability to deprive him of that interest. As we observed in Lee v. City of Chicago, "[S]ubstantive due process is not 'a blanket protection against unjustifiable interferences with property.'" 330 F.3d 456, 461 (7th Cir. 2003) (quoting Schroeder v. City of Chicago, 927 F.2d 957, 961 (7th Cir. 1991)). And it does not confer on federal courts a license to act as zoning boards of appeals. Ctrs., Inc. v. Town of Brookfield, Wis., 148 F.3d 699, 704 (7th Cir. 1998); Albiero v. City of Kankakee, 122 F.3d 417, 420 (7th Cir. 1997). It is instead a modest limitation that prohibits government action only when it is random and irrational. "Unless a governmental practice encroaches on a fundamental right, substantive due process requires only that the practice be rationally related to a legitimate governmental interest, or alternatively phrased, that the practice be neither arbitrary nor irrational." Lee, 330 F.3d at 467 (citing Washington v. Glucksberg, 521 U.S. 702, 728 (1997)). A property owner challenging a land-use regulation as a violation of due process is therefore obliged to show that the regulation is arbitrary and unreasonable, bearing no substantial relationship to public health, safety, or welfare. E.g., Greater Chicago

> Combine & Ctr., Inc. v. City of Chicago, 431 F.3d
> 1065, 1071 (7th Cir. 2005). And because the
> right infringed upon is an interest in property
> rather than life or liberty, the property owner
> must first establish either an independent
> constitutional violation or the inadequacy of
> state remedies to redress the deprivation before
> a court will consider whether the interference
> with property is arbitrary or irrational. Lee,
> 330 F.3d at 467.

Id. at 1000-01.

Plaintiffs' substantive due process claim fails. It may or may not have been a correct interpretation of the AUO to determine that the grandfathering provision does not apply when an entity engaging in a preexisting nonconforming use transfers its property to another entity before first complying with the licensing requirements under the AUO. It is, though, a reasoned basis for denying grandfathering and cannot be found to be irrational. Since defendants did not act irrationally, no substantive due process claim is stated.

Alternatively, this aspect of plaintiffs' claims is only claiming interference with a property right, not an interference with plaintiffs' First Amendment speech rights.[4] Since plaintiffs have the recourse of administrative review in a

---

[4]Plaintiffs contend the parties' dispute exists in a First Amendment context. Plaintiffs, however, do not contend the the rule against being located near a Forest Preserve is an improper interference with First Amendment rights. But even if this is a situation where a substantive First Amendment right is involved so the existence of an adequate post-deprivation remedy is not sufficient, the substantive due process claim fails for the reason previously discussed--no irrational government action.

court, adequate due process is available to them. See Farrar v. Grochowiak, 2005 WL 1126540 *8-9 (N.D. Ill. May 4, 2005), aff'd by unpublished order, 157 F. App'x 928 (7th Cir. 2005); Simonsen v. Board of Educ. of City of Chicago, 2002 WL 230777 *4 (N.D. Ill. Feb. 14, 2002), aff'd by unpublished order, 115 F. App'x 887 (7th Cir. 2004); Marciniak v. Illinois Dep't of Pub. Aid, 2000 WL 1508237 *2 (N.D. Ill. Oct. 10, 2000); Fernandez v. Village of Bloomingdale, 1993 WL 460840 *2 (N.D. Ill. Nov. 5, 1993). To the extent plaintiffs are also pursuing a procedural due process claim, the existence of the adequate state procedure precludes the procedural due process claim. Farrar, 2005 WL 1126540 at *8; Nammari v. Town of Winfield, 2008 WL 4757334 *10 (N.D. Ind. Oct. 29, 2008). Plaintiffs do not allege a cognizable due process claim.

Plaintiffs' other federal claim is their equal protection claim. They contend that prior nonconforming use runs with the land and, as the current owners of the land, they can step into Magic Video's shoes and obtain the license necessary for the continuance of Magic Video's grandfathered in nonconforming use. In that role, they contend there is an equal protection violation because the relocation site is being treated differently from the current site. Even ignoring whether an equal protection violation can be based on the same entity being treated differently at different times, plaintiffs do not state an equal

protection claim. Plaintiffs do not invoke a protected category, so they must allege that they were (a) treated differently from another similarly situated and (b) there is no rational basis for the different treatment. See Reget v. City Of La Crosse, ___ F.3d ___, 2010 WL 424581 *3 (7th Cir. Feb. 8, 2010). To be similarly situated, the other person "must be identical or directly comparable to the plaintiff in all material respects." Id. Unlike the current site, the relocation site involves a change in ownership and additional delay in applying for the license. The change in ownership at the relocation site means the two sites are not similarly situated. Or viewed another way, this difference is a sufficient rational justification for treating the two sites differently. Plaintiffs do not state a cognizable equal protection claim.

Since plaintiffs' federal claims are all subject to dismissal, the state law claim for administrative review will be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3). No opinion is expressed or implied as to the merits of administrative review.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [8] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs dismissing plaintiffs' cause of action with prejudice except that

plaintiffs' First Amendment and state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 24, 2010